UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | JUDGMENT |
|---|---|
| V. | CASE NO. 3:17-CR-83-RNC |
| | USM: 25720-014 |
| PETER YURYEVICH LEVASHOV | |
| | Government's Counsel:<br>Edward Chang<br>U.S. Attorney's Office<br>157 Church St., 25th Floor<br>New Haven, CT 06510 |
| | Defendant's Counsel:<br>Vadim Glozman<br>Law Offices of Vadim A. Glozman<br>53 W. Jackson Blvd., Ste. 1410<br>Suite 1410<br>Chicago, IL 60604 |

The defendant pleaded guilty to Counts One, Two, Four, and Eight of the Indictment. Accordingly, the defendant is adjudicated guilty of the following offenses:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B), and 2 | Intentional Damage to a Protected Computer | April 7, 2017 | One |
| 18 U.S.C. § 371 | Conspiracy | April 7, 2017 | Two |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | April 7, 2017 | Four |
| 18 U.S.C. §§ 1028A and 2 | Aggravated Identity Theft | April 7, 2017 | Eight |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. A below-Guidelines sentence is imposed based on the defendant's post-arrest rehabilitation, and his family ties and responsibilities.

**IMPRISONMENT**

The defendant is hereby sentenced to time served on each count of conviction.

**SUPERVISED RELEASE**

The defendant will be on supervised release for a term of 3 years on each of Counts One, Two and Four, and 1 year on Count Eight, all to run concurrently, subject to the mandatory and standard conditions of supervised release set forth below.  In addition, the following special conditions are imposed:

1. In the event restitution is ordered, the defendant will pay restitution, while on supervised release, in accordance with a schedule to be adopted by the Court.

2. The defendant will permit the Probation Office to monitor his computer usage by reasonable means for the purpose of ensuring that he is not engaging in unlawful conduct involving botnets, spam, malware, hacking, or identity theft.

3. If the defendant is deported, he will not re-enter the United States without obtaining advance written permission from the Secretary of the Department of Homeland Security and without giving advance written notice to the United States Attorney's Office in Connecticut and the United States Probation office in Connecticut. If the defendant re-enters the United States during this three-year period, the defendant must report to the nearest probation office within 72 hours after he returns to the United States.

**FORFEITURE**

The defendant shall forfeit all his right, title and interest in the following:

- The contents of a WebMoney account associated with WebMoney Identifier ending in 4986; and

- The following items seized on or about April 7, 2017: One (1) green with black-colored microchips solid state drive, marked Samsung on one side with grey and black plastic on the other side, removed from a black Sony laptop; One (1) black 128GB Transcend SDXC memory card removed from a black Sony laptop; One (1) black Sony Experia tablet with cracked display and cracked back; One (1) red 8GB SD Ultra Card memory card bearing serial number 4I060L2TC0W0; One (1) black and silver Apple watch bearing serial number FHLPKUTXG9J8; One (1) silver Apple iPhone bearing IMEI number 356951064aa2936; One (1) black Dell computer mouse bearing serial number G16004B9; One (1) white WiFi 4G device; and One (1) black 16GB Sony thumb drive with the marking "USM16W" on its face.

**RESTITUTION**

The Court defers the imposition of restitution for 90 days pending further submissions by the parties.

**MONETARY PENALTIES**

The Court defers the imposition of a fine for 90 days pending further submissions by the parties.

The defendant will pay a special assessment of $100 on each count of conviction for a total of $400.

Case 3:17-cr-00083-RNC   Document 159   Filed 07/29/21   Page 3 of 5

Page 3 of 5

Any and all remaining counts of the Indictment are dismissed.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until any fine or restitution imposed in this case are paid.

**July 20, 2021**
Date of Imposition of Sentence

**/s/ Robert N. Chatigny**
Robert N. Chatigny, United States District Judge
Date: July 28, 2021

# CONDITIONS OF SUPERVISED RELEASE
**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from
doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses
you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may

require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(13) You must follow the instructions of the probation officer related to the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
          Defendant                              Date

          _____    _____
          U.S. Probation Officer/Designated Witness    Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
    Deputy Clerk

RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                           Lawrence Bobnick
                                Acting United States Marshal

                          By _____
                                           Deputy Marshal