UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 3:17 Cr. 83 (RNC) |
| -- v. -- | : |
| | : |
| PETER YURYEVICH LEVASHOV, | : |
|     a/k/a "Petr Levashov," | : |
|     a/k/a "Peter Severa," | : |
|     a/k/a "Petr Severa," | : |
|     a/k/a "Sergey Astakhov," | : |
| | : January 24, 2022 |
|                  Defendant. | : |

## **GOVERNMENT'S MEMORANDUM IN OPPOSITION TO CVRA MOTIONS**

The government submits this memorandum of law in opposition to the motions of *pro se* claimant Rafael Cohen relating to his claim for restitution. Cohen argues that he is entitled to restitution because he lost money in 2005 - 2007 to a pump-and-dump scheme that was facilitated by the Storm botnet, and he requests that the Court "keep sentencing open" in order to establish his claim for restitution or to file an enforcement motion under the Crime Victims' Rights Act of 2004 (CVRA).

Cohen's motions should be denied. Cohen's papers make clear that Cohen's claim is not related to the offenses for which defendant Peter Levashov was convicted, all of which were related to Levashov's operation of the Kelihos botnet in 2016 to 2017 – some ten years after Cohen was defrauded. Moreover, Cohen has known of the Levashov prosecution since no later than July 2019, two years before Levashov's sentencing. Cohen has had ample opportunity to file whatever claim he might have, including an additional 90 days after Levashov's sentencing granted by this Court. Therefore, Cohen's motions should be denied.

## Background

**A.     Procedural History**

On September 12, 2018, Levashov pled guilty to Counts 1, 2, 4 and 8 of the Indictment. *See* Plea Agreement, dated Sept. 12, 2018 [Dkt No. 112]. Specifically, Levashov pled guilty to:

> Count 1: From on or about February 22, 2016 until approximately April 7, 2017, Levashov caused the transmission of "the Kelihos botnet" and thereby intentionally caused damage to a protected computer, in violation of Title 18, United States Code, Section 1030;
>
> Count 2: From on or about February 22, 2016 until approximately April 7, 2017, Levashov conspired to violate Title 18, United States Code, Section 1030 "in connection with the operation and monetization of the Kelihos botnet," in violation of Title 18, United States Code, Section 371;
>
> Count 4: From on or about February 22, 2016 until approximately April 7, 2017, Levashov committed wire fraud in connection with a pump-and-dump scheme, in violation of Title 18, United States Code, Section 1343 and 2; and
>
> Count 8: On or about July 15, 2016, Levashov committed aggravated identity theft during and in relation to the offenses charged, *inter alia*, in Count 1 and Count 2, in violation of Title 18, United States Code, Section 1028A.

*See* Indictment, filed April 20, 2017 [Dkt No. 6].

Sentencing was originally scheduled for September 6, 2019. *See* Order, dated Sept. 12, 2018 [Dkt No. 113]. On June 14, 2021, sentencing was re-scheduled to July 20, 2021. *See* Notice of E-Filed Calendar, dated June 14, 2021 [Dkt No. 145].

On July 20, 2021 – right before Levashov's sentencing – Cohen filed an "emergency motion" to adjourn sentencing or to allow him 90 days "to establish his victim status and then establish his right to a restitution order." *See* Emergency Motion to Adjourn Sentencing, dated July 20, 2021 ("Cohen Motion I") [Dkt No. 154], at 8.

Later that day, the Court conducted Levashov's sentencing hearing. *See* Transcript, dated Oct. 7, 2021, at 1 ("Tr.") [Dkt No. 165]. The proceedings were conducted via Zoom and open to the public. *See* Notice, dated June 25, 2021 [Dkt No. __]. During the proceedings, in response to

2

Cohen's motion, the Court deferred entry of any order of restitution for 90 days. *See* Tr. at 40 & 50; *see also* Amended Judgment, entered Aug. 27, 2021, at 2 [Dkt No. 162].

On October 18, 2021, exactly 90 days after Levashov's sentencing, Cohen filed a motion that, in substance, requests additional time to file an "enforcement motion" under the CVRA. *See* CVRA Enforcement Motion for a Scheduling Order, dated Oct. 18, 2021 ("Cohen Motion II") [Dkt No. 166], at 5. Cohen also filed a document that appears to be identical to his initial motion. *See* Emergency Motion to Adjourn Sentencing, dated July 20, 2021 [Dkt No. 167]; *compare* Cohen Motion I.

**B.     Cohen's Claim for Restitution**

According to Cohen, between 2005 and 2007, he was the victim of a pump-and-dump scheme. *See* Cohen Motion I at 3. Although Cohen provided few details concerning his loss, he indicated (in a section heading) that he lost $425,000 as a result of the fraud "in 2005 – 2007 Propagated by the Storm Botnet." *Id.*

Several months before July 30, 2019, Cohen contacted the government through counsel about his claim for restitution. *See id.* at 5 (quoting email presumably sent by AUSA Vanessa Richards, who was previously assigned to this matter). On or about July 30, 2019, the government responded that Cohen was not entitled to restitution "because Mr. Levashov was charged with and pled guilty to crimes that post-date the time period in which Mr. Cohen was allegedly victimized." *Id.* Cohen does not allege that he took any further steps to vindicate his claim prior to the filing of his "emergency motion" to adjourn sentencing on July 20, 2021.

## ARGUMENT

I. **Cohen Is Not a Victim of the Crimes of Conviction and Is Not Entitled to Restitution**

Cohen claims that he lost a significant amount of money as a result of a pump-and-dump scheme propagated by the Storm botnet. While this is undoubtedly unfortunate, Cohen was not a victim of the crimes that Levashov was charged with and to which he pled guilty. Those crimes involved Levashov's operation of the Kelihos botnet, not the Storm botnet, some ten years after Cohen's loss. Therefore, Cohen is not a victim for purposes of restitution in this case.

In evaluating a claim for restitution, the Court is required "(1) to identify the 'offense' of conviction and (2) to ascertain whether the putative 'victim' was 'directly and proximately harmed' by the defendant's commission of that 'offense.'" *United States v. Goodrich*, 12 F.4th 219, 228 (2d Cir. 2021). Restitution may only be imposed for "losses arising from the specific conduct that is the basis of the offense of conviction," *id.* (cleaned up), as "federal courts have no inherent power to order restitution." *United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006).

Here, the offenses of conviction all relate to Levashov's operation of the Kelihos botnet in 2016 and 2017. While it is true that Levashov was also responsible for operating the Storm botnet that caused Cohen's loss ten years earlier, he was not charged with that conduct and cannot be required to pay restitution for a crime of which he was not convicted. *See, e.g.*, *United States v. Seabrook*, 968 F.3d 224, 237 (2d Cir. 2020) (holding that restitution for investment loss in March 2014 was not allowed where indictment charged conspiracy "in or around December 2014" and listed overt acts occurring that month).

To be sure, Levashov's plea agreement and plea allocution both referred in passing to his role in operating the Storm botnet. *See* Plea Agreement, dated Sept. 12, 2018 [Dkt No. 112], at 15 (stating that Levashov had operated botnets since the late 1990s, including Storm, Waledac, and Kelihos); Transcript, dated Sept. 24, 2018 [Dkt No. 115], at 56 (admitting to stipulated facts

in plea agreement). When a defendant pleads guilty, the Court may look to those types of materials in determining the offense of conviction. *See Goodrich*, 12 F.4th at 230. Here, however, the indictment very clearly describes the offenses of conviction as being related to the Kelihos botnet, and it very clearly sets forth the time frame of the charged offenses as taking place ten years after Cohen's alleged loss. Under *Seabrook*, Cohen cannot be considered a victim, so his claim for restitution must fail.

Cohen mistakenly relies on *United States v. Lomas*, 392 Fed. App'x 122 (4th Cir. 2010), and *United States v. Sang*, 512 Fed. App'x 103 (2d Cir. 2013), to argue that he is entitled to restitution. Both *Lomas* and *Sang* stand for the proposition that the Court may award restitution for any victim of a scheme or conspiracy of which a defendant is charged and convicted, even if the victim is not included in the indictment, *Lomas*, 392 Fed. App'x at 126-29, or if the defendant allocates to a more limited offense, *Sang*, 512 Fed. App'x at 105. Neither case supports a claim for restitution, such as Cohen's, that is unrelated to the conspiracy charged in this case.

**II.   Cohen's Motion For Additional Time Should Be Denied**

The Court should also deny Cohen any additional time to pursue his restitution claim. First, there is no merit to his claim, as discussed above. Second, Cohen was aware of the proceedings against Levashov "several months" before July 2019, *i.e.*, more than two years before Levashov's sentencing in July 2021. Therefore, Cohen had more than enough time to bring his claim to the attention of the Court before Levashov's sentencing. Third, the Court granted Cohen 90 days after sentencing to submit additional information about his claim; no additional time should be allowed.

While Cohen is *pro se*, it should be noted that he was represented when he contacted the government in 2019, and his filings in this proceeding were both made "with the assistance of

non-appearing counsel." *See* Cohen Motion II at 5; Cohen Motion I at 8; *cf. Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021) ("[S]olicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines.").

## Conclusion

Based on the forgoing, the government respectfully submits that the Court should deny the relief requested in Cohen's motions.

    Respectfully submitted,

    LEONARD C BOYLE
    UNITED STATES ATTORNEY

    */s/ Edward Chang*

    EDWARD CHANG
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct26472
    157 Church Street, 25th Floor
    New Haven, CT  06510
    T: (203)821-3826 E: Edward.Chang@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 24, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                                                          */s/ Edward Chang*
                                                                          EDWARD CHANG